UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00606-TWP-CSW |
| | ) | |
| FLORES, Sgt. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Yair Flores ("Sgt. Flores"). Plaintiff Timothy Robertson filed this civil rights action alleging that Sgt. Flores retaliated against him when he was incarcerated at Correctional Industrial Facility ("CIF"). (Dkt. 10). For the reasons stated below, Sgt. Flores motion for summary judgment is **granted.**

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it does not need

"scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

Because Sgt. Flores has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Roberston, the non-moving party, and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

### A. The Parties

Plaintiff Timothy Robertson was incarcerated at CIF, an Indiana Department of Corrections ("IDOC") facility, from February 2023 to January 2025. Dkt. 15-2 at 1, Dkt. 36-4 at 1).

Defendant Sgt. Yair Flores ("Sgt. Flores") is and was a sergeant at CIF at all times relevant to Mr. Robertson's complaint. (Dkt. 36-2 ). Sgt. Flores was occasionally assigned to work E or B-Dorm. *Id.*

### B. May 8, 2023: Bathroom incident and first grievance

May 8, 2023 was the first encounter between Mr. Robertson and Sgt. Flores, and it was the first time Mr. Robertson grieved about Sgt. Flores. (Dkt. 36-1 at 13-15). Mr. Robertson submitted

a grievance—Grievance # 155341—regarding an incident on May 8, 2023 stating that Sgt. Flores singled him out and instructed that he leave his cell in E-dorm with only his boxers and shower shoes, during a bathroom break. *Id.* at 12-14; (Dkt. 36-5 at 1).

On May 8 E-dorm was on lockdown status, which meant inmates could only leave their cells with staff supervision. (Dkt. 36-1 at 17-18; Dkt. 36-3 at 1). Mr. Robertson believed that the policy allowed him to also wear his shirt during the bathroom break. (Dkt. 36-1 at 13).

Sgt. Flores admits that he required Mr. Robertson to leave wearing only boxers and shower shoes on May 8, as he believed that the lockdown policy dictated that inmates could wear only boxers and shower shoes for bathroom breaks. (Dkt. 36-2 at 2).

Warden Knight's response on Mr. Robertson's grievance appeal indicated that Sgt. Flores did not single out Mr. Robertson. (Dkt. 36-5 at 4). Video footage of E-Dorm on May 8, 2023, reveals that all inmates wore only boxers and shower shoes during bathroom breaks. (Dkt. 37), (Video Footage of E-Dorm at 0:17 – 0:36).

**C. May 13, 2023: PREA allegation and second grievance**

On May 13, 2023 Mr. Robertson made a report under the Prison Rape Elimination Act ("PREA"), alleging that Sgt. Flores followed him into the bathroom and then smiled and winked at him when he was leaving. (Dkt. 36-3 at 1-2). The report was forwarded to non-party PREA coordinator Alison Yancey. *Id.* Ms. Yancey investigated the incident. *Id.* at 2. During her investigation, she met with Mr. Robertson. *Id.* She tried to mediate the situation during her meeting with Mr. Robertson, but it was not productive as Mr. Robertson became agitated and walked out. *Id.*; (Dkt. 36-1 at 24; Dkt. 36-6 at 2).

Mr. Robertson then filed his second Grievance (#144605), against Sgt. Flores on May 13, 2023 regarding the bathroom encounter and his dissatisfaction with the PREA investigation.( Dkt,

36-6 at 1). Mr. Robertson's understanding of CIF policy was that, because he reported a PREA violation against Sgt. Flores, that they should no longer have been assigned to the same dorm. (Dkt. 36-1 at 25).

Ms. Yancey's investigation and staff review determined that the PREA allegations were unsubstantiated. (Dkt. 36-3 at 1; Dkt. 36-6 at 2). The investigation concluded that Sgt. Flores supervised Mr. Robertson's bathroom break in accordance with lockdown policy and there was no evidence of Sgt. Flores smiling or winking at Mr. Robertson. (Dkt. 36-3 at 1; Dkt. 36-6 at 2). Sgt. Flores was not disciplined for the PREA allegations or the grievance. (Dkt. 36-2 at 2). Sgt. Flores testified that he did not take the grievance or complaint personally and understands that he may be the subject of complaints and grievances from time to time working as a sergeant in a state prison. *Id.*

**D. February 21, 2024: blue shirt incident and third grievance**

In October 2023, Mr. Robertson was transferred to B-Dorm where he routinely saw Sgt. Flores.( Dkt. 36-1 at 10, 30-31). On February 21, 2024, when Mr. Robertson was at recreation and out of his dorm, his prison issued shirt went missing. *Id.* at 27-29. When Mr. Robertson came back from recreation, other inmates told him that Sgt. Flores was in his cell and took his blue prison-issued shirt. (Dkt. 36-1 at 27-28). Mr. Robertson believes that Sgt. Flores took his shirt in retaliation for Mr. Robertson submitting the PREA and grievance approximately nine months prior. (Dkt. 36-7 at 1).

Mr. Robertson approached Sgt. Flores and demanded a confiscation form for the shirt. *Id.* at 27. Sgt. Flores refused to give the shirt back, and said: "Fuck you. I ain't giving you nothing. You filed that fake PREA on me and I'm going to get your ass." *Id.* at 26. No one else was present when this occurred. *Id.* at 32. Mr. Robertson testified that Sgt. Flores never said anything to him

before the February 2024 incident. *Id.* at 33. A few days later, Mr. Robertson submitted grievance number 172475 to CIF's grievance specialist about the matter. Dkt. 36-7 at 1 (Grievance #172475 regarding February 2024 incident).

Sgt. Flores denies taking Mr. Roberton's shirt and denies making any statements to Mr. Robertson in February 2024. (Dkt. 36-2 at 2). Sgt. Flores testified that he did not retaliate against Mr. Robertson by taking his blue shirt or otherwise, and that he harbors no personal animosity towards Mr. Robertson. *Id.* at 3.

CIF gave Mr. Robertson two or three prison-issued blue shirts, and he still has one or two left after the alleged February 2024 encounter, so Mr. Robertson decided not to press the issue further. (Dkt. 36-1 at 34). Mr. Robertson never received any conduct reports or otherwise got into trouble for any reason related to his complaint allegations. *Id.* at 35.Sgt. Flores had never confiscated any items from Mr. Robertson before or after the February 1, 2024 incident, but Sgt. Flores "had a reputation for going through the dorm taking all types of stuff from people"… "and nobody likes him." *Id*. at 35. IDOC did not seek reimbursement for the missing shirt. *Id.* at 37.

**E. Applicable Policy**

If property is confiscated from an inmate, staff must complete State Form 36030, "Notice of Confiscated Property," and a copy of the form must be given to Mr. Robertson's Plaintiff's blue shirt. (Dkt. 36-2 at 3). Had Sgt. Flores taken Mr. Robertson's shirt, he avers that he would have completed the confiscation form and given Mr. Robertson a copy. *Id.*

## III. <u>DISCUSSION</u>

Mr. Robertson proceeds on a First Amendment retaliation claim against Sgt. Flores based on the allegations that Sgt. Flores confiscated his state-issued blue shirt after Mr. Robertson had previously filed a PREA complaint and grievances against Sgt. Flores. (Dkt. 17 at 6).

To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 668, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Sgt. Flores does not dispute that Mr. Robertson engaged in protected First Amendment activity by filing grievances or a PREA complaint, so the Court moves to the next element. Whether allegedly retaliatory conduct would "deter a person of ordinary firmness" from exercising his First Amendment rights is an objective test, *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020), and the standard "does not hinge on the personal experience of the plaintiff," *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020).

Sgt. Flores argues that Mr. Robertson did not suffer a deprivation that deterred First Amendment Activity. (Dkt. 38 at 8). He argues that Mr. Robertson suffered no deprivation because Mr. Robertson was not required to reimburse IDOC for the state-issued shirt, and because Mr. Robertson received no conduct report or disciplinary sanction because of the incident. *Id.* (citing Dkt. 36-1 at 37).

In support of his arguments, Sergeant Flores cites several cases which find that the confiscation of inmate property alone does not satisfy the second prong of a First Amendment retaliation claim. Dkt. 38 at 9 (citing *Troutman v. Liebel*, 2022 WL 16538167 at *4 (N.D. Ind. Oct.

28, 2022) (finding no plausible inference that confiscation of some property "on one occasion is the type of deprivation that would 'dissuade a reasonable person from engaging in future First Amendment activity'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 783) (7th Cir. 2015)); *see also Zaire v. Coryer*, 204 F. App'x 948, 949 (2d Cir. 2006) (confiscation of prisoner's towel was de minimis and not sufficiently adverse to support a First Amendment retaliation claim); *Riddick v. McCowan*, 2021 WL 3464933 at *3 (W.D. Va. Aug. 6, 2021) (confiscation of inmate property, "without more, does not constitute a sufficiently adverse action"); *Green v. Caruso*, No. 1:10-CV-958, 2011 WL 1113392, at *10 (W.D. Mich. Mar. 24, 2011) (confiscation of plaintiff's TV from another prisoner was "not sufficiently adverse to deter a reasonable person from engaging in protected conduct").

The Court agrees. Mr. Robertson suffered no actual deprivation because he was not disciplined, did not receive a conduct report, and was not required to reimburse IDOC for the state-issued shirt. The Court finds that confiscation of a state-issued shirt is not sufficiently adverse to satisfy the second prong of a First Amendment retaliation claim.

The Seventh Circuit has long held that "[s]ection 1983 is a tort statute. A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

No reasonable inmate would be deterred from exercising his First Amendment rights from having a state-issued t-shirt confiscated where he received no disciplinary or conduct violations and did not have to reimburse IDOC for the shirt. The Court concludes, then, that Mr. Robertson suffered no deprivation that would deter him from engaging in First Amendment activity.

The Court's inquiry stops there. Sgt. Flores is entitled to summary judgment as to the retaliation claim against him because Mr. Robertson's claim fails on the second element.

## IV. CONCLUSION

Defendant's motion for summary judgment, Dkt. [36], is **GRANTED**. All pending motions are **denied** as moot. Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 8/19/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY WAYNE ROBERTSON
943020
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel